UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

LAURA TUCKER, et al.,

Plaintiffs,

-vs-

MAIN STREET AMERICA PROTECTION INSURANCE COMPANY,

Defendant.

25-CV-225 (MAV)

DECISION & ORDER

## INTRODUCTION

In this putative class action, Plaintiffs Donald, Laura, and Adam Tucker allege that Defendant Main Street America Protection Insurance Company systematically undervalued claims for total losses of vehicles by imposing arbitrary "Condition Adjustments." ECF No. 14.

Before the Court are three motions: Defendant's motion to dismiss the amended complaint for lack of standing and the failure to state a claim, or alternatively to compel the appraisal process, ECF No. 18, Plaintiffs' motion to compel discovery, ECF No. 32, and Defendant's motion to stay discovery, ECF No. 34.

For the following reasons, Defendant's partial motion to dismiss for lack of standing is granted, Defendant's motion to dismiss for failure to state a claim is denied, and Defendant's motion to compel the appraisal process is denied. Plaintiffs' motion to compel discovery is denied without prejudice and Defendant's motion to stay discovery is denied as moot.

Defendant shall answer the amended complaint on or before December 4, 2026.

## BACKGROUND

On January 12, 2023, Plaintiffs were in a car accident involving their 2017 Honda Civil Hatchback Sport. ECF No. 14 at 4. They had an insurance policy with Defendant, who declared the car a "total loss." ECF No. 14 at 4–5. Defendant offered Plaintiff $19,023.89 for the car, which represented the actual cash value, plus sales tax, and minus Plaintiffs' deductible. ECF No. 14 at 7. Defendant calculated the actual cash value of the car using a Market Valuation Report from a company called CCC Information Services, which is attached to the amended complaint. ECF No. 14 at 5. In the report, a "Condition Adjustment" of $1,814 was applied to the comparable vehicles, "[d]espite both Plaintiffs' vehicles and the comparable vehicles being rated in 'Good' condition." ECF No. 14 at 7.

Plaintiffs challenged the valuation and Defendant offered them $19,618.75, which Plaintiffs claim "still incorporated the[ ] improper Condition Adjustments." ECF No. 14 at 7–8. Plaintiffs allege that Defendant applies the same deductions to every total loss claim. ECF No. 14 at 8.

The insurance policy contained an appraisal clause, which said that if the parties could not agree on the amount of loss, either party could invoke an appraisal process to resolve the dispute. ECF No. 14 at 9. Each party was responsible for paying for their chosen appraiser under the policy language. ECF No. 14 at 9. Plaintiffs did not invoke the appraisal process and instead accepted the $19,618.75. ECF No. 14 at 10. Plaintiffs alleged that Defendant "would no longer pay the costs of a rental vehicle after a certain date," which created "economic duress and financial pressure . . . to

compel them to quickly accept a low settlement offer." ECF No. 14 at 10.

Plaintiffs initiated this lawsuit on March 13, 2025, ECF No. 1, and filed an amended complaint, which is the operative pleading. ECF No. 14. Plaintiffs alleged breach of contract and a violation of New York General Business Law ("GBL") § 349. ECF No. 14 at 14–18.

Defendant filed its motion to dismiss on July 23, 2025, ECF No. 18, Plaintiffs filed an opposition, ECF No. 21, and Defendant filed a reply, ECF No. 24. Plaintiffs filed a motion to compel discovery on October 2, 2026. ECF No. 32. Defendant filed an opposition and a cross-motion to stay discovery. ECF No. 34. By leave of Court, Plaintiffs filed a reply and opposition. ECF Nos. 36, 38. The motions are now ripe for this Court's decision.

## LEGAL STANDARD

"'A district court properly dismisses an action under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction if the court lacks the statutory or constitutional power to adjudicate it,' such as when 'the plaintiff lacks constitutional standing to bring the action.'" *Conn. Parents Union v. Russell-Tucker*, 8 F.4th 167, 172 (2d Cir. 2021) (quoting *Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.à.r.l*, 790 F.3d 411, 416–17 (2d Cir. 2015)). In deciding a Rule 12(b)(1) motion to dismiss, the Court "constru[es] the complaint in plaintiff's favor and accept[s] as true all material factual allegations contained therein." *Donoghue v. Bulldog Invs. Gen. P'ship*, 696 F.3d 170, 173 (2d Cir. 2012).

A motion under Rule 12(b)(6) seeks dismissal for the "failure to state a claim

upon which relief can be granted." In considering a Rule 12(b)(6) motion to dismiss, the Court "accept[s] all 'well-pleaded factual allegations' in the complaint as true." *Lynch v. City of New York*, 952 F.3d 67, 74–75 (2d Cir. 2020) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). "This presumption of truth, however, does not extend to legal conclusions." *Khan v. New York State Dep't of Health*, No. 1:25-CV-950 (MAD/ML), 2026 WL 2150349, at *3 (N.D.N.Y. July 27, 2026). In deciding a Rule 12(b)(6) motion to dismiss, "the court's task is to assess the legal feasibility of the complaint; it is not to assess the weight of the evidence that might be offered on either side." *Lynch*, 952 F.3d at 75.

## DISCUSSION

### I. Motion to Dismiss

#### A. Standing

Defendant argues that the claims brought by Plaintiffs Laura Tucker and Adam Tucker should be dismissed because they lack standing. ECF No. 18-7 at 8–11. Laura did not own the vehicle that was involved in the accident, and Adam was not named in the insurance policy with Defendant. ECF No. 18-7 at 9–10.

In response, Plaintiffs do not dispute that Adam lacks standing and "will agree to enter a stipulation of dismissal as to his individual claims." ECF No. 21 at 20. As such, the Court dismisses the claims brought individually by Adam Tucker without prejudice. *See John v. Whole Foods Mkt. Grp., Inc.*, 858 F.3d 732, 735 (2d Cir. 2017) (a dismissal for lack of standing should be without prejudice).

Regarding Laura, Plaintiffs argue that she has standing as a signatory to the

insurance policy. ECF No. 21 at 20. "At the pleading stage, the plaintiff must 'allege[ ] facts that affirmatively and plausibly suggest that [he or she] has standing to sue.'" *Knight v. City of New York*, 164 F.4th 173, 177 (2d Cir. 2026) (quoting *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 56 (2d Cir. 2016)).

Article III of the Constitution limits a federal court's jurisdiction to "cases" and "controversies." U.S. Const. art. III, § 2; *see Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (internal citations and quotation marks omitted). "To satisfy Article III's standing requirement, 'a plaintiff must demonstrate: (1) injury-in-fact, which means an actual or imminent and concrete and particularized harm to a legally protected interest; (2) causation of the injury, which means that the injury is fairly traceable to the challenged action of the defendant; and (3) redressability, which means that it is likely, not speculative, that a favorable decision by a court will redress the injury.'" *Knight*, 164 F.4th at 177–78 (quoting *Nat. Res. Def. Council v. Nat'l Highway Traffic Safety Admin.*, 894 F.3d 95, 103 (2d Cir. 2018)).

Here, the vehicle involved in the accident was owned by Donald and Adam Tucker, not by Laura. *See* ECF Nos. 14 at 4; 18-4 at 1. The Court appropriately considers the vehicle title attached to Defendant's motion to dismiss, ECF No. 18-4, because "'[a] district court may consult evidence to decide a Rule 12(b)(1) motion . . . [and] must do so if resolution of a proffered factual issue may result in the dismissal of the complaint for want of jurisdiction.'" *Blecher v. Holy See*, 146 F.4th 206, 216 (2d Cir. 2025), *cert. denied*, 146 S. Ct. 1848 (2026) (quoting *Robinson v. Gov't of Malaysia*, 269 F.3d 133, 141 n.6 (2d Cir. 2001)). Moreover, Plaintiffs do not dispute that Laura

was not an owner of the car.

While Laura was not an owner, she may have an injury-in-fact for the alleged breach of contract if she was a signatory to the insurance policy. *See, e.g.*, *United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union v. Cookson Am., Inc.*, 710 F.3d 470, 474–75 (2d Cir. 2013); *see also Narcisse v. Progressive Cas. Ins. Co.*, 778 F. Supp. 3d 597, 606 (S.D.N.Y. 2025) ("The Circuit Courts of Appeals are divided on the issue of whether a breach of contract, standing alone, satisfies the injury in fact requirement.").

The Court considers the insurance policy, which Plaintiffs attached to the amended complaint. ECF No. 14-2; *see* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."). The policy, which covers four cars, lists Laura as an "[i]nsured," and as a "[s]pouse" and notes her "[d]river [s]tatus" as active. ECF No. 14-2 at 1. Four cars are listed in the policy, one of which is the totaled Honda, and the policy does not tie certain drivers or insureds to certain vehicles. ECF No. 14-2 at 1.

Under New York Insurance Law § 3401, "[n]o contract or policy of insurance on property made or issued in this state, or made or issued upon any property in this state, shall be enforceable except for the benefit of some person having an insurable interest in the property insured." An "insurable interest" is "any lawful and substantial economic interest in the safety or preservation of property from loss, destruction or pecuniary damage." N.Y. Ins. L. § 3401.

Defendant argues that Laura cannot have an "insurable interest" in a car she

does not own, relying on cases including *Peker v. Allstate Ins. Co.*, 13 A.D.3d 596, 598 (N.Y. App. Div. 2004) and *Silberman v. Royal Ins. Co.*, 184 A.D.2d 562, 562 (N.Y. App. Div. 1992) (husband who paid for car and insurance premiums did not have insurable interest in car which was owned exclusively by wife). ECF No. 18-7 at 9. Plaintiffs respond that Laura was a signatory to the insurance policy, and cite a case in which a mother who solely possessed and used her son's car, and was also financing the car as a signatory to a security agreement, had an insurable interest in the car even though she did not own it. ECF No. 21 at 20 (citing *Taylor v. Allstate Ins. Co.*, 214 A.D.2d 610, 611 (N.Y. App. Div. 1995)).

The Court agrees with Defendant. The *Peker* case has facts most similar to this case. There, a husband owned the car, but an insurance company issued the wife a policy covering the husband's car. *See Peker*, 13 A.D.3d at 597. The Court concluded that the "wife did not have an insurable interest," so she could not maintain her action against the insurance company. *Id.* at 598. Here, while the insurance policy itself is not entirely clear about whether Laura is insured for the Honda, *see* ECF No. 14-2 at 1, she does not have an insurable interest in the car because she is not an owner, *see Peker*, 13 A.D.3d at 597, and there is no suggestion that she solely used the car or was financially responsible for it, as in *Taylor* (214 A.D.2d at 610). As such, Laura cannot rely on her interests in the insurance policy to establish an injury-in-fact for Article III standing.

In sum, the Court dismisses without prejudice the claims brought individually by Adam and Laura for lack of standing. *See John*, 858 F.3d at 735 ("[W]here a

complaint is dismissed for lack of Article III standing, the dismissal must be without prejudice, rather than with prejudice.") (internal quotations and citation omitted).

**B. Appraisal**

Defendant argues that the insurance policy's appraisal provision was mandatory once invoked, and that Donald's refusal to participate in the appraisal process is "fatal to his claims." ECF No. 11 at 11–14. Specifically, Defendant argues that the appraisal process will resolve Plaintiffs' dispute about the actual cash value of the car and that appraisal was a condition precedent to filing a lawsuit. ECF No. 11 at 14–15. Defendant seeks dismissal of the amended complaint or, alternatively, to compel the appraisal process. ECF No. 18-7 at 17.

In response, Plaintiffs argue that the Second Circuit has previously rejected a nearly identical demand for appraisal (citing *Milligan v. CCC Information Services, Inc.*, 920 F.3d 146 (2019)), that appraisal is impossible because the vehicle has been destroyed, that Defendant's request for appraisal was untimely, that the appraisal process is not mandatory under the terms of the policy, and that appraisal would not resolve the parties' entire dispute. ECF No. 21 at 10–19. Plaintiffs further argue that Defendant's motion to compel arbitration is unconscionable, because they allege that Defendant improperly undervalued total losses by $1,814, and the cost of hiring an appraiser would be comparable. ECF No. 21 at 19–20.

In reply, Defendant argues that *Milligan* is distinguishable because there, the dispute was a legal issue whereas here, the dispute is factual, making appraisal appropriate. ECF No. 24 at 4–6.

"Under New York law, insurance policies are interpreted according to general rules of contract interpretation." *Olin Corp. v. Am. Home Assur. Co.*, 704 F.3d 89, 98 (2d Cir. 2012). The insurance policy was attached to the amended complaint, so the Court relies on it for the motion to dismiss. *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

The policy language relevant to Defendant's argument includes the portion of "Part F – General Provisions" that states that "[n]o legal action may be brought against us [Defendant] until there has been full compliance with all the terms of this policy." ECF No. 14-2 at 43.

Additionally, under "Part D – Coverage for Damage to Your Auto," the policy states that "[i]f we and you do not agree on the amount of loss, either may demand an appraisal of the loss. In this event, each party will select a competent and impartial appraiser," who will then appraise the car and submit any disagreements to an umpire, whose decision will be binding. ECF No. 14-2 at 42. Each side is responsible for paying their chosen appraiser and sharing costs of the appraisal and umpire. *See* ECF No. 14-2 at 42.

Defendant argues that engaging in the appraisal process was a condition precedent to bringing suit. ECF No. 18-7 at 15–16. Yet the policy language does not require the appraisal process, and either side must act to trigger it. ECF No. 14-2 at 42. In the amended complaint, Plaintiffs allege that the parties did not elect appraisal before the lawsuit was filed. ECF No. 14 at 9–10. Accepting Plaintiffs' allegations as

true, as the Court must on a Rule 12(b)(6) motion, the Court concludes that at the time Plaintiffs initiated this case, appraisal was not a condition precedent to filing. There is no suggestion that Plaintiffs were otherwise not in compliance with the policy at the time they brought this lawsuit. As such, Plaintiffs followed the provision in the contract barring legal action "until there has been full compliance with all the terms of this policy." ECF No. 14-2 at 43.

The Court does not convert Defendant's motion to a motion for summary judgment, and as such does not consider the extrinsic documents attached to Defendant's motion to dismiss.[1] *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 154 (2d Cir. 2002).

Defendant also argues that the case should be dismissed, or alternatively stayed for the appraisal process to occur, because it opted for appraisal, making that process mandatory. ECF No. 18-7 at 14–16. "It is well-established that the scope of coverage provided by an insurance policy is a purely legal issue that cannot be determined by an appraisal, which is limited to factual disputes over the amount of loss for which an insurer is liable." *Duane Reade, Inc. v. St. Paul Fire & Mar. Ins. Co.*, 411 F.3d 384, 389 (2nd Cir. 2005). Indeed, "[a]n appraisal is appropriate not to resolve legal questions." *Milligan*, 920 F.3d at 153.

The Court agrees with Plaintiffs that "the central issue in this action is outside the scope of the appraiser's authority." ECF No. 21 at 11. The Second Circuit declined

[1] Considering the documents would not change the condition precedent analysis in any event, as Defendant's demand for an appraisal was sent on April 15, 2025, after Plaintiffs initiated this case. *See* ECF No. 18-6 at 1.

to compel a very similar appraisal process in *Milligan* because the dispute was over a legal issue, and as such, appraisal would not resolve the claim. *See Milligan*, 920 F.3d at 153. Defendant attempts to distinguish the argument in *Milligan* with Plaintiffs' argument, ECF No. 24 at 5–6, but the Court views them as similar. In both *Milligan* and the instant case, the plaintiff argues breach of contract for a violation of New York State Regulation 11 NYCRR 216.7, *et seq.* ("Regulation 64"). *See Milligan*, 920 F.3d at 153 ("The dispute here concerns a legal issue about the meaning of Regulation 64"); ECF No. 14 at 15–16. The Insurance Law, including Regulation 64, is "'deemed to [be] part of [an] insurance contract as though written into it.'" *Town of Harrietstown v. Westchester Fire Ins. Co.*, No. 8:24-CV-1184 (MAD/DJS), 2025 WL 2391758, at *20 (N.D.N.Y. Aug. 18, 2025), *aff'd*, No. 25-2253-CV, 2026 WL 1210135 (2d Cir. May 4, 2026) (quoting *Trizzano v. Allstate Ins. Co.*, 7 A.D.3d 783, 785 (N.Y. App. Div. 2004)).

The exact nature of the alleged breach differs between the two cases. *Milligan* involved the total loss of a "current model year vehicle," and the plaintiff there alleged that the insurance company paid the "adjusted vehicle value" of the car rather than the "reasonable purchase price" as required in Regulation 64. *Milligan*, 920 F.3d at 148–50 (citing 11 NYCRR 216.7(c)(3)). Here, the case involves a total loss, not of a current model year vehicle, and Plaintiffs are arguing that Defendant paid them the actual cash value of the car less a "Condition Adjustment," which 11 NYCRR 216.7(c)(1) does not allow for. ECF No. 14 at 15–16. Regulation 64 requires that "[i]f the insurer elects to make a cash settlement its minimum offer, subject to applicable

deductions, must be one of" three enumerated numbers. 11 NYCRR 216.7(c)(1). The regulation does not mention a condition adjustment to calculate the cash offer. *See id.* Under Plaintiffs' theory, Defendant breached this provision "by systemically undervaluing total loss claims through arbitrary Condition Adjustments and improper comparable vehicle selections." ECF No. 14 at 15.

The Court concludes that the argument here is sufficiently similar to the argument in *Milligan* to require the same result. Plaintiffs alleged that "the policies and procedures used by [Defendant] to evaluate Plaintiff's total loss vehicle are the same for all policy holders," and that Defendant adjusts total loss vehicles "based on unexplained and arbitrary deductions." ECF No. 14 at 8. Accepting as true Plaintiffs' allegation that Defendant always applies such a deduction, the dispute over the propriety of Defendant's condition adjustment for total losses under Regulation 64 will persist even if this dispute went to appraisal.

Defendant relies on two District Court cases from within this Circuit that went the other way, but those cases are distinguishable in that they involved true appraisal disputes rather than disputes over contractual terms. *See* ECF No. 24 at 3–4 (citing *Zarour v. Pac. Indem. Co.*, 113 F. Supp. 3d 711, 715 (S.D.N.Y. 2015) ("The undisputed facts demonstrate that the dispute between the parties concerns the 'amount of loss.'"); *Laxminarayan Lodging, LLC v. First Specialty Ins. Corp.*, No. 21 CIV. 7506 (AKH), 2023 WL 3382867, at *4 (S.D.N.Y. May 11, 2023) ("There are no genuine legal disputes regarding the terms of the Policy."). Defendant further relies on *Moore v. Travelers*, 321 F. App'x 911, 913 (11th Cir. 2009), and other cases from outside of this

Circuit, *see* ECF No. 18-7 at 15–16, but this Court follows Second Circuit precedent.

In sum, pursuant to *Milligan*, the Court will not dismiss Plaintiffs' breach of contract claim or compel appraisal because Plaintiffs raise legal issues regarding contract interpretation. In light of this ruling, the Court need not reach Plaintiffs' arguments regarding whether appraisal is possible, whether the appraisal request was timely, and whether the appraisal provision is unconscionable. ECF No. 21 at 13–15, 19–20; *see, e.g., Milligan*, 920 F.3d at 154 n. 6 ("Because we conclude that the question in dispute is not within the proper scope of an appraisal, we need not decide whether GEICO timely demanded appraisal."). Defendant does not argue that Plaintiffs' amended complaint should be dismissed for a reason other than appraisal. As such, Defendant's motion to dismiss for failure to state a claim is denied, as is its alternative motion to compel arbitration.

**C. GBL § 349 claim**

Defendant argues that Plaintiffs' claim under GBL § 349 fails because Plaintiffs cannot claim damages without completing the appraisal process. ECF No. 18-7 at 17. Plaintiffs respond that GBL § 349 claims "exist[ ] independently of a breach of contract claim." ECF No. 21 at 18. They further argue that their alleged contract damages satisfy the element requiring an injury. ECF No. 21 at 18. In reply, Defendant argues that Courts "routinely compel appraisal where there is an alleged violation of a consumer protection statute." ECF No. 24 at 10.

"Section 349 'was designed to protect consumers from various forms of consumer fraud and deception.'" *Bildstein v. MasterCard Int'l Inc.*, 329 F. Supp. 2d

410, 413 (S.D.N.Y. 2004) (quoting *Twentieth Century Fox Film Corp. v. Marvel Enterprises, Inc.*, 155 F. Supp. 2d 1, 25 (S.D.N.Y. 2001)). "The statute provides a private right of action to any person injured by a business' deceptive act or practice." *Id.*

The elements of a GBL § 349 claim are "'first, that the challenged act or practice was consumer-oriented; second, that it was misleading in a material way; and third, that the plaintiff suffered injury as a result of the deceptive act.'" *Id.* (quoting *Stutman v. Chem. Bank,* 95 N.Y.2d 24, 29 (N.Y. 2000)).

Here, Defendant argues that Plaintiffs have not pleaded the third element regarding an alleged injury. ECF No. 18-7 at 17. Plaintiffs pleaded damages "[a]s a direct result of Defendant's deceptive acts and practices," including the difference between the amount Defendant paid for the Honda and the actual cash value and tax calculation adjustments. ECF No. 14 at 18–19. That was sufficient to plead a GBL § 349 claim. *See Nick's Garage, Inc. v. Progressive Cas. Ins. Co.*, 875 F.3d 107, 125 (2d Cir. 2017) ("the vehicle owners were entitled to receive a sufficient amount of money to repair their vehicles to pre-loss condition, and Insurer's alleged failure to pay sufficient sums, if proved, constitutes a sufficient injury").

Defendant's motion to dismiss Plaintiffs' GBL § 349 claim is therefore denied.

## II. Motions to Compel/Stay Discovery

Plaintiffs filed a motion to compel discovery "while the Defendant's pending motion to dismiss . . . is decided." ECF No. 32 at 1. Plaintiffs claimed that they conferred with Defendant at a Rule 26(f) conference and served discovery requests,

but had not received a response from Defendant. ECF No. 32 at 2.

Defendant argued that the phone call did not constitute a Rule 26(f) conference. ECF No. 34 at 3–5. Defendant also sought to stay discovery until the Court rules on the motion to dismiss because the decision on the motion to dismiss could render the discovery requests moot or limit them. ECF No. 34 at 5–9.

Plaintiffs filed a reply in which they again argued that a Rule 26(f) conference occurred. ECF No. 36-3 at 4–5. Plaintiffs also opposed the motion to stay discovery because they contend that the pending motion to dismiss will not end the case and their discovery requests are reasonable. ECF No. 36-3 at 5–8.

The Court denies the motion to stay discovery, ECF No. 34, as moot. The Court has now ruled on the pending motion to dismiss, and has allowed Plaintiff Donald Tucker's claims to continue. As such, Defendant must answer the amended complaint on or before December 4, 2026.

The Court denies the motion to compel discovery, ECF No. 32, without prejudice to reraising it later in the case if necessary. After Defendant files its answer, the case will be referred to a magistrate judge, who will hold a Rule 16 conference, set discovery deadlines, and rule on any discovery issues. *See generally* 28 U.S.C. § 636.

Defendant is not required to respond to Plaintiffs' pending discovery requests until after the Rule 16 conference. Regardless of the characterization of the prior telephone conference between the parties, the parties will engage in a Rule 26(f) conference after the date of this decision and order, and at least 21 days before the

Rule 16 conference. *See* Fed. R. Civ. P. 26(f)(1).

## CONCLUSION

Upon careful consideration of the motions and responses thereto, the Court grants Defendant's motion to dismiss the claims brought individually by Laura Tucker and Adam Tucker for lack of standing. Plaintiffs do not dispute that Adam should be dismissed from the case. Laura lacks standing because she is not an owner of the vehicle that was damaged and does not have an insurable interest in the car. The claims brought by Laura and Adam are therefore dismissed without prejudice.

The Court otherwise denies Defendant's motion to dismiss Plaintiffs' claims or to compel appraisal. The breach of contract Plaintiffs allege in the amended complaint mirrors the arguments made by the plaintiff in *Milligan*. There, the Second Circuit declined to compel a similar appraisal process in light of similar arguments of breach of contract, specifically of Regulation 64. *See Milligan*, 920 F.3d at 153–54. The same result is warranted here.

As such, for the foregoing reasons, it is hereby

ORDERED that Defendant's motion to dismiss based on lack of standing, ECF No. 18, is GRANTED and the claims brought individually by Laura Tucker and Adam Tucker are DISMISSED without prejudice. It is further

ORDERED that Defendant's motion to dismiss for failure to state a claim and Defendant's alternative motion to compel appraisal, ECF No. 18, is DENIED. It is further

ORDERED that Plaintiffs' motion to compel discovery, ECF No. 32, is DENIED

WITHOUT PREJUDICE, and Defendant's cross-motion to stay discovery, ECF No. 34, is DENIED AS MOOT.

Defendant shall file an answer to the amended complaint on or before December 4, 2026, after which the magistrate judge will hold a Rule 16 conference.

SO ORDERED.

Dated: November 4, 2026
Rochester, New York

HON. MEREDITH A. VACCA
United States District Judge